IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00053-RPM

BUENAVENTURO J. VENEGAS;
JOHN VENEGAS, JR.; and
ARTURO ALVARADO,

    Plaintiffs,

v.

THE HOUSING AUTHORITY OF THE CITY OF BRIGHTON, COLORADO;
THE BOARD OF COMMISSIONERS OF THE BRIGHTON HOUSING AUTHORITY;
JANICE E. PAWLOWSKI, individually and in her official capacity as Chairperson of the Board of Commissioners of the Brighton Housing Authority;
DICK McLEAN,
TERRY MOORE,
DAVID GILL,
ELIAS HUERTA,
WAYNE SCOTT,
WILMA ROSE, and
DARYL MEYERS, individually and in their capacity as Commissioners of the Brighton Housing Authority;
LEE APPLEGATE, individually and in her official capacity as legal counsel of the Brighton Housing Authority; and
VIRGINIA GUZMAN, individually and in her official capacity as Commissioner of the Brighton Housing Authority,

    Defendants.

_____

ORDER OF DISMISSAL AS TO DEFENDANT LEE APPELGATE
_____

Defendant Lee Applegate filed a motion to dismiss this civil action as to her pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim of relief as to her. The motion has been briefed and the determination of it depends upon the sufficiency of the allegations in the complaint, filed January 9, 2008. Defendant Applegate, a private attorney, was retained by defendant Elias Huerta to prepare a case for removal of

plaintiff Buenaventuro J. Venegas from his position as Executive Director of the Brighton Housing Authority and secretary to the Board of Commissioners.  The thrust of the complaint in this case is that Defendant Huerta was improperly motivated to retaliate against Mr. Venegas and that the Board of Commissioners of the Brighton Housing Authority improperly suspended Mr. Venegas and the other plaintiffs and ultimately terminated their employment and violated the constitutional rights of the plaintiffs for which relief is sought pursuant to 42 U.S.C. § 1983.  Additionally, the third claim for relief alleges tortious interference with the plaintiffs' employment.

Recognizing that liability of Defendant Applegate as a private attorney must be based on her relationship to the public officials of state actors, the plaintiffs seek to hold her liable on conclusory allegations of conspiracy.  The complaint is insufficient to support that claim.  Accordingly, the first and second claims for relief against Defendant Lee Applegate are dismissed for failure to allege adequately that she was a state actor committing a constitutional tort.  The third claim for relief, based on tortious interference with employment, is based only on allegations of Defendant Applegate's providing advice to the board and to this she has quasi-judicial immunity.  Accordingly, it is

ORDERED that the motion for dismissal by the defendant Lee Applegate is granted and she is dismissed from this civil action.

DATED: April 25, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge